# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| TERI K. SAHM,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>ONSLOW BAY FINANCIAL LLC, *et al.*,<br><br>　　　　　Defendants. | Case No. C19-2090 RSM<br><br>ORDER TO SHOW CAUSE |

This matter comes before the Court *sua sponte*. *Pro se* Plaintiff, Teri Sahm, has been granted leave to proceed *in forma pauperis* in this matter. Dkt. #3. He brings this action against 133 defendants on a variety of federal statutes, including but not limited to the Racketeer Influenced and Corrupt Organizations Act, the Fair Debt Collection Act, the Lanham Act, various admiralty and maritime statutes, the False Claims Act, and the Geneva Conventions. Dkt. #4.

Plaintiff claims that Defendants "are attempting to steal the Property and Assets using Deed Theft" through a "Mortgage". *Id.* at 27. He seeks immediate release of any and all claims and liens against his house and property. *Id.* at 28. He also requests "the total amount of money that has been paid out of the Cestui Que Vie Estate Trust" for his house and property plus $30,000 for each occurrence of copyright infringement on his name(s). *Id.*

ORDER TO SHOW CAUSE - 1

The Court will dismiss a Complaint at any time if the action fails to state a claim, raises frivolous or malicious claims, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B).

The Complaint does not support its claims with specific facts presented in a clear and understandable manner. Plaintiff's allegations are difficult to follow with unconnected facts and vague accusations. Plaintiff lists at least thirteen federal statutes, Dkt. #4 at 26, but does not provide separate causes of action or connect the above facts coherently to the cited statutes allegedly violated. It is likewise unclear how many of the 133 named defendants are involved in the alleged violations giving rise to Plaintiff's claims. Plaintiff claims that Defendants attempted to steal the "Property" and "Assets" using a "so-called 'Mortgage' via servicing and pooling agreements" but provides no further explanation. *Id.* at 27. He states that there is no valid contract in place and no "wet-ink signature of the original note" because "some PERSON destroyed the note along the way." The complaint also uses vague accusations including "[c]ontinual tampering with the so-called 'deed' and so-called 'note'" and "semantic deceit and CORPORATE name changes" but provides no further detail. Likewise, it generally alleges violation of copyright and "ignoring relevant information and responding with boiler plate responses" without explanation. *Id.* Plaintiff also alleges fraud related to a notary signature and constructive fraud. It is unclear to the Court how the facts as presented in this case could constitute violations of the federal statutes listed.

Considering all of the above, Plaintiff's Complaint fails to state a claim. Plaintiff's Complaint suffers from deficiencies that, if not adequately explained in response to this Order, will require dismissal. *See* 28 U.S.C. § 1915(e)(2)(B).

In Response to this Order, Plaintiff must write a short and plain statement telling the Court (1) the separate causes of action upon which his claims are based, (2) how Defendants violated each of those laws causing harm to Plaintiff, and (3) why this case should not be dismissed without prejudice. **This Response may not exceed six (6) double-spaced pages**. Plaintiff is not permitted to file additional pages as attachments. The Court will take no further action in this case until Plaintiff has submitted this Response.

Accordingly, the Court hereby finds and ORDERS that Plaintiff shall file a Response to this Order to Show Cause containing the detail above **no later than fourteen (14) days from the date of this Order**. Failure to file this Response will result in dismissal of this case.

DATED this 14th day of February 2020.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE