UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

TERI K. SAHM,

    Plaintiff,

    v.

ONSLOW BAY FINANCIAL LLC, *et al.*,

    Defendants.

Case No. C19-02090-RSM

ORDER OF DISMISSAL

This matter comes before the Court *sua sponte* and on the Court's prior Order to Show Cause, Dkt. #9. *Pro se* Plaintiff, Teri Sahm, has been granted leave to proceed *in forma pauperis* in this matter. Dkt. #3. The Complaint was posted on the docket on December 31, 2019. Dkt. #4.

Plaintiff brings this action against at least 133 defendants on a variety of federal statutes, including but not limited to the Racketeer Influenced and Corrupt Organizations Act, the Fair Debt Collection Act, the Lanham Act, various admiralty and maritime statutes, the False Claims Act, and the Geneva Conventions. Dkt. #4. Plaintiff claims that Defendants "are attempting to steal the Property and Assets using Deed Theft" through a "Mortgage" and seeks immediate release of any and all claims and liens against her house and property. *Id.* at 27-28. She also

ORDER OF DISMISSAL - 1

requests "the total amount of money that has been paid out of the Cestui Que Vie Estate Trust" for her house and property plus $30,000 for each occurrence of copyright infringement on his name(s). *Id.* Plaintiff claims that Defendants attempted to steal the "Property" and "Assets" using a "so-called 'Mortgage' via servicing and pooling agreements" and claims there is no valid contract in place and no "wet-ink signature of the original note" because "some PERSON destroyed the note along the way." *Id.* at 27. The complaint also alleges "[c]ontinual tampering with the so-called 'deed' and so-called 'note'" and "semantic deceit and CORPORATE name changes." Likewise, it generally alleges violation of copyright and "ignoring relevant information and responding with boiler plate responses" without explanation. *Id.* Plaintiff also alleges fraud related to a notary signature and constructive fraud.

On February 14, 2020, this Court issued an Order to Show Cause. Dkt. #9. The Court indicated that the Complaint fails to support its claims with specific facts presented in a clear and understandable manner and contains allegations that are difficult to follow with unconnected facts and vague accusations. Specifically, the Complaint lists at least thirteen federal statutes without providing separate causes of action or connecting the above facts coherently to the cited statutes allegedly violated. *See* Dkt. #4 at 26. The Court noted "[i]t is likewise unclear how many of the 133 named defendants are involved in the alleged violations giving rise to Plaintiff's claims" and "how the facts as presented in this case could constitute violations of the federal statutes listed." Dkt. #9 at 2. The Court ordered Plaintiff to respond with "a short and plain statement telling the Court (1) the separate causes of action upon which [her] claims are based, (2) how Defendants violated each of those laws causing harm to Plaintiff, and (3) why this case should not be dismissed without prejudice." *Id.* at 3. The Court warned that Plaintiff's Complaint suffers from deficiencies that, if not adequately addressed, would require dismissal. *Id.* (citing

ORDER OF DISMISSAL - 2

28 U.S.C. § 1915(e)(2)(B)). In response to Plaintiff's Motion to Extend Deadlines, Dkt. #10, the Court extended Plaintiff's deadline to respond to on or before March 6, 2020. Dkt. #12 at 2.

The Court has received Plaintiff's Response, Dkt. #14, and the praecipe with Plaintiff's signature, Dkt. #15. The Response is difficult to follow and does not provide satisfactory answers to these questions. Rather than explain the separate causes of action upon which her claims are based and connecting the facts coherently to the alleged violations, Plaintiff provides a vague and conclusory argument for why the "securitization process," in general, is illegal and fraudulent. Regarding her claims under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), she argues that securitization "causes specific violations of R.I.C.O." because fraudulent transactions underlying the securitization process serve as "predicate acts." Dkt. #15 at 1. Similarly, she argues that securitization violates usury, antitrust and bankruptcy laws because it creates "market integration, syndicate collusion, price formation, vertical foreclosure, foreclosure for profit, tying, price-fixing, predatory pricing, and the rigging of allocations." *Id.* These vague, conclusory allegations fail to explain how specific actions by Defendants amount to violations of any of the cited laws that caused harm to Plaintiff. It is likewise unclear to the Court how any of the Defendants can be charged by Plaintiff for generalized violations of antitrust and bankruptcy law.

The remainder of Plaintiff's Response is similarly conclusory and vague as to violations related to the mortgage on Plaintiff's homestead. She claims that "it is a criminal offense to say that the SEC has approved the security." *Id.* at 2 (emphasis omitted). She also alleges "blatant deceit, fraud" on account of the trusts are "no longer a publicly traded security trust" because it "went dark or private." *Id.* at 2. Similarly, she alleges "ongoing tampering" with copies of a "Note or Deed" on the basis that some copies of the referenced note contain an allonge and others

ORDER OF DISMISSAL - 3

do not, and no "valid and true original wet ink actual document" exists. *Id.* at 2. She also alleges that the "so-called 'Notes' and 'Deeds' and 'Assignments' are all fraudulent because they are offering these services as a 'Mortgage' or 'home loan' or 'home equity loan', when in fact it is . . . a future lease purchase tenancy agreement." *Id.* She likewise claims that the private corporations of the Government are "part of the fraud and deceit" related to the trusts and "unlawful securitization of our homes and land" because the note is "securitized and sold to the highest bidder." *Id.* at 5. Plaintiff also challenges the general legality of the foreclosure process, arguing that if a borrower stops making payments on "this illegal and void contract," then the foreclosure process starts. *Id.* Finally, she claims that "[e]ach CORPORATION has received a valid payment receipt, but all have chosen to ignore, despite the fact that my credit report shows that the debt has been paid" since she submitted "all the so-called 'mortgages' to be offset through the Sign In America Debt Relief Program for Americans." *Id.* at 6. Again, none of these statements connect specific actions by Defendants to violations of any of the cited laws that caused harm to Plaintiff. The Court also notes Plaintiff has not met the heightened pleading standard for fraud under Federal Rule of Civil Procedure 9(b). Even if Plaintiff could plead extortion or fraud, the Court lacks subject matter jurisdiction without an applicable federal statute.

Plaintiff's Response lists one of the Defendants by name—Onslow Bay Financial, LLC ("Onslow Bay")—but again only provides general, conclusory allegations as to the purported violations. She alleges that Onslow Bay has engaged in "stacking" and "creating their own Trusts as of 2018" in addition to sending her a large volume of mail and issuing "boiler plate responses" in violation of the Fair Debt Collection Practice [Act], the Truth In Lending Act, and constituting constructive fraud and mail fraud. *Id.* at 3-4. It is unclear to the Court how the facts involving

ORDER OF DISMISSAL - 4

Plaintiff as presented in this case, such as purchasing Plaintiff's mortgage loan and sending her large volumes of mail with "boiler plate" language, could constitute violations of federal law, extortion or fraud.

Finally, Plaintiff explains that her copyright claim arises from Defendants' use of the name "Teri K Sahm" that amounts to "a gross breach of trust and semantic deceit." *Id.* at 4. Plaintiff's allegations are difficult to follow, but she explains that providing a birth certificate upon birth "is a scam that is perpetrated by conscripted hospital staff" who force mothers to sign a birth certificate and register the baby's name. *Id.* at 4. She states that her "true name (trade name) is Teri Kealoha Harris" and is "a fictional entity that has been used by the MUNICIPAL STATE." *Id.* at 4. She also references a "Dead Baby Scam" and describes the purpose of the activity as linked to the United States' bankruptcy in 1933 under President Franklin D. Roosevelt and that the government acts as a for-profit corporation. *Id.* at 5. None of these statements provide a coherent basis for violation of federal copyright law.

The Court has reviewed the Complaint, Plaintiff's Response, and the remainder of the record and finds that Plaintiff has failed to adequately respond to the Court's Order to Show Cause. Given all of this, dismissal is warranted. *See* 28 U.S.C. § 1915(e)(2)(B). Accordingly, the Court hereby finds and ORDERS:

1) Plaintiff's claims are DISMISSED.

2) This matter is CLOSED.

DATED this 9 day of March 2020.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

ORDER OF DISMISSAL - 5